

Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

October 9, 2024

**By ACMS**

Honorable Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
　　For the Ninth Circuit
The James R. Browning Courthouse
95 7th Street,
San Francisco, CA 94103

Re:　**Akahoshi v. OCC, 23-938**
　　　**Rule 28(j) Letter re: Supplemental Authority**

Dear Ms. Dwyer:

We submit this FRAP 28(j) letter to invite the Court's attention to *Loumiet v. United States*, 948 F.3d 376 (D.C. Cir. 2020), which is "pertinent and significant" in light of the panel's questions at oral argument regarding tort claims, such as malicious prosecution, that might be brought against the OCC. *Loumiet* provides one answer to those questions. In *Loumiet*, the OCC successfully blocked all such claims—the D.C. Circuit and the District Court ultimately dismissed all tort and *Bivens* causes of action, finding that they were legally barred from FTCA and *Bivens* relief, with the sole exception of the First Amendment FTCA


October 9, 2024
Page 2

claim, which was dismissed on summary judgment. *Loumiet v. United States*, Dkt. No. 12-1130 (CKK), 2023 WL 4053476 (D.D.C. June 16, 2023).

*Loumiet* also tells the story of the OCC's war of attrition against Carlos Loumiet, a Greenberg Traurig partner who had represented a bank before the OCC in 1999-2001, and then, in 2001-2002, complained about the OCC's lies, retaliatory threats, and racist comments during the examination. In 2006, the OCC brought an administrative enforcement action against Loumiet, which the ALJ recommended (after a three-week hearing) be dismissed because Loumiet breached no duty. On review, the Comptroller rejected the ALJ's view that no duty had been breached, but nonetheless dismissed. *Loumiet*, 948 F.3d at 378-79.

After the Comptroller's dismissal (apparently to avoid Article III review), Loumiet filed an application for legal fees under the EAJA, which the OCC rejected, and the D.C. Circuit reversed, finding that the OCC's position against Loumiet was not "substantially justified." The D.C. Circuit directed the OCC to consider the hourly rate applicable to the fee application and other issues. *Loumiet v. OCC*, 650 F.3d 796, 799-



October 9, 2024
Page 3

802 (D.C. Cir. 2011). The OCC ultimately awarded less than one-half of Loumiet's requested fee application.

Loumiet's 24-year saga shows that tort actions do not replace the judicial review this appeal seeks—the review specifically provided by Section 1818 and the APA for a petitioner, like Ms. Akahoshi, who has suffered structural-constitutional harm—in addition to reputational harm—and identified an Appointments Clause violation entitling her to relief.

Respectfully submitted,

Justin S. Weddle