

Office of the Comptroller of the Currency

Washington, DC 20219

*By ACMS*

October 11, 2024

Honorable Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939
(415) 355-8000

Subject:     *Akahoshi v. OCC*, 23-938 – Response to 28(j) Letter

Dear Ms. Dwyer:

The Office of the Comptroller of the Currency ("OCC") provides this letter in response to the 28(j) letter filed by Petitioner's counsel on October 9, 2024.

As a threshold matter, the case opposing counsel cites as supplemental authority—*Loumiet v. United States*, 948 F.3d 376 (D.C. Cir. 2020)—did not "come to [Petitioner's] attention" after their brief was filed or after oral argument. Fed. Rule App. Proc. 28(j). The OCC cited *Loumiet* in its reply to the motion to dismiss several months before Petitioner filed her opening brief, giving her ample opportunity to use the case in her briefs and at oral argument. DE 15.1 at 9.

Moreover, *Loumiet* confirms that the proper vehicle for the remedies Ms. Akahoshi seeks is her Equal Access to Justice Act ("EAJA") application. In that case, the D.C. Circuit recognized that EAJA provides "meaningful remedies" against the OCC, "as evidenced by Loumiet's own award of $675,000." 948 F.3d at 384.

As the oral argument made clear, Petitioner does not want this Court to reverse or modify the judgment of the Final Decision, so there is no further relief this Court can provide. Petitioner would need a separate cause of action—and an applicable

waiver of sovereign immunity—to seek other relief related to the OCC's now-terminated enforcement action. But the existence (or lack thereof) of a potential tort claim does not change the jurisdictional analysis. The Article III standing test is not a balancing test in which courts balance the availability of other remedies against the strength of a litigant's standing arguments; where, as here, there is no present "case or controversy," a court must dismiss for lack of standing.

The proper vehicle for the relief Petitioner seeks is her EAJA application, and Petitioner's supplemental authority only confirms this conclusion.

Sincerely,

*Jason Fernandes*

Jason Fernandes
Office of the Comptroller of the Currency
400 7th St SW
Washington, DC 20219
(202) 649-6300
jason.fernandes@occ.treas.gov